By the Coubt.
 

 If Patterson’s testimony before the grand jury, as reintroduced before the petit jury, constituted testimony in the trial of the case on the merits, then the charge did constitute prejudicial error, for in such case Patterson should not have been linked in the charge with the other three defendants who refused to testify, and the presumption raised against those who did not testify should not have been so extended as to apply to him.
 

 “Testimony” is “a statement made under oath in a legal proceeding; the evidence of a witness given under oath; the statement made by a witness under oath, or affirmation.” 38 Cyc., 248. Patterson’s statement was testimony before the grand jury. Before the grand jury the prosecutor used his power of examination extensively, and without refusal upon the part of Patterson to answer. So far as the prose-
 
 *99
 
 cut or’s opportunity to elicit information was concerned, lie availed himself of the privilege without limitation, as though he had been cross-examining Patterson. No bound whatever was placed upon the questions which he asked, and Patterson, who at this hearing was of course not represented by counsel, answered to the fullest. When reintroduced at the trial before the petit jury, Patterson’s sworn statement was introduced not merely as an admission. This is not the case of a mere written confession or admission introduced as evidence at the trial. Patterson’s entire statement before the grand jury was voluntary and made under oath. It carried peculiar weight with the jury because of that specific fact. It was so full and complete that there was no occasion for further testimony by Patterson. Its effect was the same as if he had so testified before the petit jury. He should have been given credit for his voluntary testimony, instead of having a presumption raised against him upon the theory that he had refused to testify.
 

 The meaning of the constitutional provision (Section 10 of Article I of the Ohio Constitution) is that a defendant must give his testimony before the petit jury in order to escape the effect of comment by counsel and charge by the court. If the sworn testimony of Patterson before the grand jury had not been introduced into the evidence before the petit jury, we should agree with the contention of the state that he did not testify in this particular criminal case; but here he did in effect testify. The state’s case at the trial was bottomed, not upon a confession, not upon a mere admission, but upoh sworn evidence. The state made Patterson its wit
 
 *100
 
 ness in the trial upon the merits, and it was reversible error on the part of the court to classify Patterson with the other three defendants who gave no testimony and did not take the witness stand at any stage in the proceedings.
 

 The eighth paragraph of the syllabus in
 
 Harrison
 
 v.
 
 State,
 
 112 Ohio St., 429, 147 N. E., 650, does not apply, as it sheds no light upon this question.
 

 Judgment reversed.
 

 Jones, Matthias, Day and Allen, JJ., concur.