THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES CHU, Defendant.

Court of General Sessions of County of New York, January 7, 1949.

*Samuel Cooperman* for defendant.

*Frank S. Hogan, District Attorney* (*Peyton H. Moss* of counsel), for plaintiff.

STREIT, J. This is an application to set aside the sentence imposed on this defendant upon the ground that the court did not have jurisdiction and that the sentence was excessive.

On June 8, 1933, the defendant was indicted for the crime of robbery in the first degree. On August 16, 1933, he pleaded guilty to the crime of robbery in the third degree. On October 3, 1933, the late Judge ROSALSKY, before imposing sentence, conducted a hearing in open court to determine whether the defendant was armed at the time of the robbery.

The stenographic minutes at the time of sentence disclose that the arresting officer and the complaining witness were interrogated by the court, but not sworn; after which, the judge sentenced the defendant to " State Prison for a term of not less than ten years nor more than twenty years, of which term not less than five years nor more than ten years is imposed as prescribed by Section 1944 of the Penal Law."

It has been held that " There must be a record made which can be reviewed. If the case has been tried out the facts no doubt will appear upon which the jury find the verdict of guilt. Where a plea has been taken the fact that the prisoner was armed may not so clearly appear or may be denied. The judge should then conduct an inquiry and take testimony, if necessary." (*People* v. *Caruso*, 249 N. Y. 302, 306; *People* v. *Krennen*, 264 N. Y. 108; *People* v. *Sandoval*, 262 App. Div. 288, 290.)

" Testimony " is statement made under oath in legal proceeding, or evidence of witness given under oath. (*Patterson* v. *State*, 122 Ohio St. 96, 98.)

The statements given by the complaining witness and the police officer at the hearing on October 3, 1933, were not " testimony " within the meaning of section 1944 of the Penal Law and the cases above cited.

The motion to vacate the sentence is, therefore, granted to the extent that a new hearing is ordered to determine whether the defendant was armed at the time, and the case is placed upon my calendar for January 27, 1949.