STATE, ex rel. JOHNSON, Plaintiff-Appellant, v. MOONEY, Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25360.   Decided February 7, 1961.

*Mr. M. Q. Critchfield*, for plaintiff-appellant.
*Mr. Daniel P. McDonnell*, for defendant-appellee.

(DOYLE, P. J., and HUNSICKER, J., of the Ninth District, GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

HUNSICKER, J. Sheila Johnson filed an affidavit in bastardy against Martin Mooney, claiming that he is the father of her child. At a trial of the issues before a jury in the Common Pleas Court of Cuyahoga County a verdict was returned finding Martin Mooney not guilty.

From the judgment rendered on that verdict, Sheila Johnson appeals on questions of law to this court. She alleges twelve grounds of error.

The bill of exceptions discloses that only three witnesses testified at the trial—Sheila Johnson, the mother of the child, Martin Mooney, the putative father, and Dr. John W. King, a clinical pathologist who made blood tests of the parties and the child.

Sheila Johnson said she had never had intercouse with anyone except Martin Mooney and such act occurred only once. Martin Mooney, testifying only on cross-examination, denied that he ever had had any sexual relations with Sheila Johnson.

Dr. King testified that on the basis of the blood tests he made of the parties and the child, Martin Mooney could not be the father of the child in question.

Martin Mooney did not take the witness stand to testify in his own defense although he was called by counsel for Sheila Johnson and cross-examined as an adverse party under favor of Section 2317.07, Revised Code. In his oral argument to the jury, counsel for Sheila Johnson commented at length on the failure of Martin Mooney to voluntarily take the witness stand and testify by direct examination of his counsel.

At the conclusion of instructions to the jury, a request was made by counsel for Sheila Johnson—

"'* * * to charge the jury that the failure of the defendant voluntarily to take the stand is a matter of fair comment by counsel and that the jury may take the same into consideration during their deliberations.''

This request the court refused to give, saying:

"He (Martin Mooney) was on the stand.''

A bastardy proceeding is a civil action. *Reams* v. *State, ex rel. Favors*, 53 Ohio App., 19, *Durst* v. *Griffith*, 43 Ohio App., 44. It has also been classified as a "quasi-criminal proceeding.'' *State, ex rel. Gill* v. *Volz*, 156 Ohio St., 60, *Taylor* v. *Scott*, 168 Ohio St., 391. It is thus governed by the rules of civil procedure and the right to call the putative father for cross-examination is under favor of Section 2317.07, Revised Code. Nothing is said in that section as to the right to comment on a failure to testify or to require an instruction by the trial court concerning any feature of the adverse party's testimony.

We have not been cited any statute and we have found none in our search of the Revised Code which grants the right to comment on the failure of a witness in a civil action to testify.

Under the Common Law, a party to an action could not be compelled to testify against his interest. 42 Ohio Jurisprudence, Witnesses, para. 21, note 3, page 37, 97 C. J. S., Witnesses, para. 15, note 59, page 363.

While it is true that under the Constitution of Ohio, Article I, Section 10, the failure of a defendant in a criminal case to testify may be considered by the court and jury and may be the subject of comment by counsel, there is no such constitutional or statutory provision concerning civil matters.

It has long been the law, as announced by the courts of this state, that counsel may, in oral argument to the jury, comment upon the conduct of parties, including their failure to take the witness stand and testify in their own behalf. 39 Ohio Jurisprudence, Trial, para. 122, page 703, and authorities there cited.

In the case of *Patterson* v. *State*, 122 Ohio St., 96, a criminal case, Patterson appeared voluntarily before the grand jury and gave testimony under oath. He was examined there at length by the prosecuting attorney. At the trial, this testimony

was introduced into evidence. Patterson did not take the stand to testify orally. The trial judge charged the jury that they could consider the failure of Patterson and his co-defendants to take the witness stand in their own behalf. The judgment of guilty as to Patterson was reversed by the Supreme Court, which said at page 99-100:

"The meaning of the constitutional provision (Section 10 of Article I, of the Ohio Constitution) is that a defendant must give his testimony before the petit jury in order to escape the effect of comment by counsel and charge by the court. If the sworn testimony of Patterson before the grand jury had not been introduced into the evidence before the petit jury, we should agree with the contention of the state that he did not testify in this particular criminal case; but here he did in effect testify. The state's case at the trial was bottomed, not upon a confession, not upon a mere admission, but upon sworn evidence. The state made Patterson its witness in the trial upon the merits, and it was reversible error on the part of the court to classify Patterson with the other three defendants who gave no testimony and did not take the witness stand at any stage in the proceedings."

We realize that the case of *Patterson* v. *State, supra,* is a criminal matter and controlled by the specific constitutional provision, however, we believe that the rule is sound when, by analogy, we apply it to this bastardy matter before us. Martin Mooney did testify orally under cross-examination and the fact that he did not give testimony as on direct examination does not subject him to a charge of failure to testify in his own behalf.

This court has said in *Diffenbacher* v. *Lake Shore Coach Co.,* 51 Ohio Law Abs. 481, at 484, with respect to an instruction regarding the inference to be drawn from failure to call a witness that:

"The courts have long recognized the rule that under some circumstances the failure to call a material witness may be the subject of comment but the charge as given goes far beyond the rule. It included every possible witness, regardless of whether or not the witness's testimony would be material to the issues as claimed by the party, whether or not such testi-

mony of such witness would be the best evidence or would be cumulative or otherwise.''

See also 20 Am. Jur., Evidence, para. 190, page 193.

We determine in this case that the refusal to give the requested charge concerning the inference to be drawn when the defendant did not take the witness stand to testify on direct examination was in no sense prejudicial to the substantial rights of the appellant since Martin Mooney did testify on cross-examination to all facts which the appellant sought to elicit and in oral argument to the jury, full comment was made with reference to a failure of Martin Mooney to voluntarily testify in the case in chief.

We have examined all other claimed errors and find none prejudicial to the substantial rights of the appellant. The judgment must be affirmed.

Judgment affirmed.

DOYLE, P. J., and GRIFFITH, J., concur.