Smith, Appellee, *v.* Lautenslager, Appellant.

(No. 10507—Decided June 3, 1968.)

*Mr. G. Cornelius White,* for appellee.
*Mr. Haskell Bazell,* for appellant.

Shannon, J. This is an appeal on questions of law from the Court of Common Pleas, Juvenile Division, of Hamilton County.

A bastardy case was tried to a jury in that court. The defendant did not testify, either as if on cross-examination or in his own behalf.

In the course of his argument to the jury, counsel for the complainant said, "You have a right in your deliberation to take into consideration the fact that the defendant failed to take the stand." There was then made a motion for a mistrial, which was overruled.

A request for a special charge to the jury to the effect that the complainant could have called the defendant as a witness as if on cross-examination was refused.

The jury was charged, the instructions including an admonition to disregard the statement of counsel quoted above, to wit:

"In the closing arguments, Mr. White reflected that the defendant, Robert Lautenslager, did not take the stand in his own behalf.

"You are hereby instructed to disregard any comment that Mr. White inadvertently made in regard to his final argument because, as you may or may not know, un-

der our system of jurisprudence in this country and in the state of Ohio, in Hamilton County, and in the city of Cincinnati, it is not incumbent on the defendant to have to take the stand in his own behalf. It is a constitutional privilege in the United States that a person does not have to be a witness against himself. You are, therefore, ordered by the court to disregard any comment that Mr. White may have made inadvertently in regard to Mr. Lautenslager's not taking the stand.''

A verdict signed by ten jurors was returned finding the appellant to be the father of appellee's child.

The assignments of error raise three questions:

(1) Did the comment of counsel entitle defendant, appellant herein, to a mistrial as a matter of law?

(2) Did the trial court err in failing to give the requested special charge?

(3) Was the instruction of the court concerning the constitutional privilege against self-incrimination prejudicially erroneous?

Basically, the issue is whether the prohibition of comment to the jury upon defendant's failure to testify applies to a bastardy action.

Bastardy proceedings are partly of a civil and partly of a criminal nature and, therefore, have been referred to as ''quasi-criminal.'' Essentially, however, such actions are civil in nature. 7 Ohio Jurisprudence 2d 440, Bastardy, Section 4. In *State, ex rel. Johnson,* v. *Mooney,* 86 Ohio Law Abs. 105, the Court of Appeals, Eighth Appellate District, flatly stated in paragraph one of the headnotes:

''A bastardy proceeding is a civil action.''

We hold this to be the better view and to be the law in the case at bar.

In *Johnson, supra,* the defendant was cross-examined as an adverse party but did not give testimony on direct examination. Counsel for the plaintiff commented at length in oral argument to the jury on such failure to take the stand. The court refused plaintiff's request to charge the jury that defendant's failure to testify voluntarily was a matter of fair comment and could be considered by the

jury on the ground that defendant had been on the stand in cross-examination. This refusal to charge, upon the appeal, was held to be "in no sense prejudicial to the substantial rights" of the plaintiff since full comment had been made by plaintiff's counsel on the failure of the defendant to voluntarily testify in the case in chief.

Here, it is argued that the mandate of *Griffin* v. *California,* 380 U. S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229, should not be limited to criminal cases. While we are compelled to accede to the rule in *Griffin* that comment by the prosecution upon a defendant's failure to testify violates his rights under the Fifth Amendment to the federal Constitution, we do not agree that it applies in a civil action.

While *State, ex rel. Johnson,* v. *Mooney,* 86 Ohio Law Abs. 105, was decided before *Griffin* v. *California,* 380 U. S. 609, the rationale therein is still persuasive.

The historic right to comment to the jury upon the conduct of parties is fundamental in our system of adversary trial. Juries must decide facts and in so doing must weigh and determine the credibility of evidence and testimony.

Should we adopt a rule prohibiting comment on the failure of a party to a civil action to testify as to matters which he can reasonably be expected to deny or explain because of facts within his knowledge, then we might just as well proscribe comment on the demeanor of witnesses, their interest in the outcome of the case, their relationship to others involved and the host of factors which jurors may consider in discharging their responsibilities. To so rule, we are convinced, would do unconscionable violence to the system which has functioned so admirably to search out the truth in a legion of cases.

Therefore, we hold that the failure of a defendant to testify in a bastardy proceeding may be the subject of comment to the jury.

The instruction of the court to disregard the comment of counsel was superfluous and, if anything, advantaged the defendant. Nor can the defendant be heard to complain of the refusal to charge the jury that plaintiff could

have summoned him to the stand as an adverse party. It seems obvious that a party to an action takes his chance when failing to testify that his opponent will attempt to make the most of it.

The trial judge was correct in his statement that "it is not incumbent on the defendant to have to take the stand in his own behalf. It is a constitutional privilege in the United States that a person does not have to be a witness against himself." The contention of defendant that, in some fashion, such statement prejudiced the jury against him rests upon pure speculation. It is far more likely that such advice, coupled with the preceding admonition, removed the comment of counsel as a factor to be considered by them.

We find no error prejudicial to the substantial rights of the defendant, and the judgment below must be affirmed.

*Judgment affirmed.*

LONG, P. J., concurs.