WALKER, APPELLEE, *v.* STOKES, APPELLANT.

[Cite as Walker v. Stokes (1975), 45 Ohio App. 2d 275.]

(No. 33869—Decided April 10, 1975.)

*Mr. Thomas E. Frye,* for appellee.
*Mr. Cornelius A. Manly,* for appellant.

KRENZLER, C. J. On May 18, 1973, the plaintiff appellee, Janice Walker, filed a complaint in bastardy against the defendant appellant, Keith Stokes, in the Cuyahoga County Juvenile Court. A preliminary examination was held on October 31, 1973. On November 29, 1973, the defendant appellant filed a Motion for Blood Grouping Test pursuant to R. C. 3111.16. Filed with the motion was a prayer that the costs of said blood test be taxed as costs because the defendant appellant was indigent. Affidavits of indigency also accompanied the motion. On December 19, 1973 the trial court granted the motion for the blood test, but denied the request to tax the test as costs. The defendant appellant was unable to pay the $101 as required by Rule 11* of the Rules of Juvenile Court of Cuyahoga County and

---

*11. *Blood Tests.* Motions for an order of the Court requiring blood tests must be filed not less than ten (10) days before the date set for trial, the costs of such tests shall be paid by the movant except as otherwise herein provided. Motions for blood tests must be accompanied by payment of One Hundred Dollars ($100) to defray the cost of each said test and One Dollar ($1.00) for "poundage" thereon. Tests for each additional child will be Twenty-Five Dollars ($25) plus Twenty-five cents ($.25) for "poundage." When the first blood test or tests excludes the accused as being the father of the child in question and the mother of the child desires a test by another serologist, the cost of such second test shall be paid by the mother. All tests shall be performed by experts selected by the court and shall be conducted under such regulations as the court may prescribe.

no blood test was taken. A jury trial was held and on May 17, 1974 the jury found the defendant appellant guilty and he was adjudged by the court to be the reputed father of the plaintiff-appellee's illegitimate child born on October 25, 1971.

The defendant appellant filed a notice of appeal and presents one assignment of error:

"It is a denial of due process of law and equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States to deny an indigent defendant's timely motion for costs of a blood grouping test to be taxed as court costs in a bastardy proceeding commenced against him under R. C. 3111.01."

We find the assignment of error to be well taken.

It has been recognized in Ohio that bastardy proceedings are "quasi criminal" in nature, *State, ex rel. Gill*, v. *Volz* (1951), 156 Ohio St. 60. This being true we must closely scrutinize these proceedings to insure that they measure up to modern constitutional standards relative to equal protection and fair trial.

R. C. 3111.16 states in pertinent part that:

"Whenever it is relevant to the defense in a bastardy proceeding, the trial court, on motion of the defendant, shall order that the complainant, her child, and the defendant submit to one or more blood-grouping tests to determine whether, by the use of such tests, the defendant can be determined not to be the father of the child * * *."

The language of the statute is mandatory, and the right to obtain the result of such a test is an important right in making a defense against the charge. The cost of such a test cannot be allowed to deprive the defendant appellant of this right, especially since the charge against him is one that is regarded as "quasi-criminal" in nature. *People* v. *Doherty* (1941), 261 App. Div. 86, 24 N. Y. S. 2d 821. See also *Commonwealth* v. *Possehl* (1969), 355 Mass. 575, 246 N. E. 2d 667.

In *Griffin* v. *Illinois* (1956), 351 U. S. 12, the United States Supreme Court held that the due process and equal protection clauses of the Fourteenth Amendment are violat-

ed where a state statute providing for writs of error in all criminal cases as a matter of right is so administered as to deny full appellate review in a non-capital case to an indigent defendant solely because of his inability to pay for a transcript of the record, while granting such review to all other defendants. The high court concluded that, plainly, the ability to pay costs in advance bears no rational relationship to a defendant's guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial. Mr. Justice Black, announcing the judgment of the court, stated that our constitutional guarantees of due process and equal protection both call for procedures in criminal trials which allow for no invidious discrimination between persons similarly situated.

The legal principles established in *Griffin* v. *Illinois, supra,* which require the state to provide an indigent defendant with a transcript of the record on appeal in a criminal case, apply equally to the instant case, and a proper application of these principles require the State of Ohio to tax as costs the expense of a blood test for those defendants involved in a bastardy action who are unable to pay for the test themselves.

Once the State of Ohio granted all defendants in bastardy proceedings, which are "quasi criminal" in nature, the right to a blood test to determine paternity, it cannot deny this right to those defendants who are unable to pay the required fee in advance, without violating the equal protection clause of the United States Constitution, because such a defendant's ability to pay in advance bears no rational relationship to his guilt or innocence and to discriminate upon this basis constitutes that type of invidious discrimination which is constitutionally prohibited.

We reverse and remand this case to the trial court for a new trial. We further instruct the trial court to order the blood tests as requested by the defendant appellant and to which he is constitutionally and statutorily entitled and to tax the fee for these tests as costs.

*Judgment reversed.*

JACKSON and MANOS, JJ., concur.