BIGSBY *v.* BATES.

(No. 333830—Decided December 5, 1978.)

Court of Common Pleas of Cuyahoga County, Juvenile Court Division.

*Mr. Kenneth P. Petrey,* for plaintiff.
*Mr. Stephen McGowan,* for defendant.

WHITLATCH, J. This matter comes before the court on the motion of the defendant, by and through his counsel, for blood grouping tests and for such tests to be taxed as costs and on the memorandum in opposition to the defendant's motion submitted by counsel for the complainant.

Counsel for the defendant alleges that the defendant is indigent and that he does not have nor can he obtain the necessary costs of blood tests which are required to be paid in advance to the Court by the movant pursuant to Rule 11 of the Rules of the Common Pleas Court, Juvenile Court Division of Cuyahoga County, Ohio. Counsel for complainant accepts as fact the allegation that the defendant is indigent and that he has no means to pay the costs of a blood grouping test. Counsel for defendant contends that the blood tests are a vital part of a paternity proceeding and that the requirement of prepayment of costs under Rule 11 denies the defendant a vital defense because of his status as an indigent person. Counsel for the defendant contends that Rule 11 is unconstitutional in its application to the defendant and others similarly situated because it fails to meet the tests of due process established in *Boddie* v. *Connecticut* (1971), 401 U. S. 371, 91 S. Ct. 780. Counsel further contends that the requirement of prepayment costs under Rule 11 is patently unfair to this defendant and does not provide equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. *Walker* v. *Stokes* (1975), 45 Ohio App. 2d 275, 344 N. E. 2d 159. Counsel for complainant while admitting that blood tests which exclude the defendant as being the father of the complainant's child are weighty evidence, maintains that the requirement of prepayment of costs by the defendant does not deny an indigent a defense or the right to be heard on the issue but only denies a discovery procedure

which may or may not produce evidence to be produced at trial.

Rule 11 of the Rules of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, provides as follows:

"Motions for an order of Court requiring blood tests must be filed within thirty (30) days after the preliminary examination or within thirty (30) days after the birth of the child, whichever is later. The costs of such tests shall be paid by the movant except as otherwise herein provided. Motions for blood tests must be accompanied by payment of current cost, plus poundage, as posted in Clerk's Office at the Court. When the first blood test or tests excludes the accused as being the father of the child in question and the mother of the child desires a test by another serologist, the costs of such second test shall be paid by the mother. The mother must file a Motion (accompanied by the required cost) for the second test within thirty (30) days after she has been notified of the exclusion. All tests shall be performed by experts selected by the Court and shall be conducted under such regulations as the Court may prescribe."

The "movant" in this cause is the defendant. This is always so as to the first motion for blood grouping tests in paternity proceedings for the very good reason that, pursuant to R. C. 3111.16, the results of the blood test are only admissible in evidence in cases where "by the use of such tests the defendant can be determined *not* to be the father of the child." (Emphasis added.) Hence, where these tests are admissible, they are evidence only for the defendant. Under Rule 11, *supra,* in the event of an exclusion, the complainant may move for blood grouping tests to check the accuracy of the first test. Note that Rule 11 provides that the complainant is required to pay for these tests. Rule 11 was promulgated by the judges of the Cuyahoga County Common Pleas Court, Juvenile Court Division. The power of the judges to promulgate such a Rule is authorized by R. C. 3111.16 which we quote in its entirety:

"Whenever it is relevant to the defense in a paternity proceeding under Sections 3111.01 to 3111.24 of the Revised

Code, the trial court, on motion of the defendant, shall order that the complainant, her child, and the defendant submit to one or more blood-grouping tests to determine whether, by the use of such tests, the defendant can be determined not to be the father of the child. The tests shall be made by qualified physicians or other qualified persons, not to exceed three selected by the court, and under such restrictions and directions as the court or judge deems proper. In cases where exclusion is established, the results of the tests together with the finding of the expert of the fact of nonpaternity shall be receivable in evidence. The blood test experts shall be subject to cross-examination by both parties after the court has caused them to disclose their findings. If either of the parties refuses to submit to the test, that fact shall be disclosed upon the trial unless good cause is shown to the contrary. In the event the tests have been made prior to the trial, the results shall be receivable in evidence. *The court shall determine how and by whom the costs of the tests shall be paid.*" (Emphasis added.)

Note the emphasized portion of the statute; clearly the legislature had no problem with the question as to who should be required to pay the costs—this was simply a procedural matter for the court to decide. However, counsel for the defendant contends that Rule 11 is unconstitutional and it follows therefore, according to defendant's counsel, that the part of the above quoted statute which gives the court the authority to determine "how and by whom the costs shall be paid" is likewise unconstitutional.

Counsel for defendant cites *Boddie* v. *Connecticut, supra* (401 U. S. 371), in support of the unconstitutionality of Rule 11 (*supra*). *Boddie* is easily distinguishable from the case at bar. In *Boddie* the court held that a Connecticut statute which required advance payment of court costs and service of process fees as a prerequisite to filing a divorce action was unconstitutional because it denied indigent persons access to the courts and thus was a denial of due process under the 14th Amendment to the Constitution of the United States. The court carefully limited its ruling to the circumstances in *Boddie*. That is, where the state requires

individuals to resort to the judicial process of divorce to terminate marriage, the state may not, consistent with the obligation imposed on it by the 14th Amendment, preempt the right to dissolve this legal relationship without affording all citizens access to the means it has prescribed for doing so.

There is no denial of access to the courts in the instant case. The defendant will have a full opportunity to be heard on the merits of his case. Palpably, the requirement that a party make advance payment for an exploratory evidentiary procedure which may or may not produce evidence in the form of expert testimony is not a denial of access to the court and thus not a denial of due process under *Boddie*.

Under Civ. R. 35 the court may order a party to submit to a physical or mental examination or a blood grouping test. It is the practice in the General Division of the Cuyahoga County Court of Common Pleas to require the movant to pay for the costs of the examinations ordered pursuant to Civ. R. 35 and this is the general rule in such matters. See 27 Corpus Juris Secundum 120, Section 38.

Rule 16 of the Cuyahoga County Court of Common Pleas, Juvenile Court Division, adopts Rule 7 of Cuyahoga County Court of Common Pleas, General Division, as to a cash deposit for costs. Rule 16 provides that poverty affidavit may be filed in lieu of a cash deposit. Note however that the list of costs contained in Rule 7 are for services that can be *performed by the court*. It was the requirement for advance payment for such services, with no provision for a poverty affidavit, that constituted a denial of due process in *Boddie*.

It is significant that there is no provision in the Rule 7 (Cuyahoga County Common Pleas Court, General Division) schedule for a poverty affidavit in lieu of cash deposits for the services of expert examiners or expert witnesses, nor is there any such provision in Rule 16 of the Juvenile Court Division. Indeed providing a blood test for an indigent defendant is considerably different from the court or the sheriff providing services without payment in

advance. The serologist's fee, presently $130, must be paid at the time that the test is performed. Hence, if not paid in advance by the defendant, the fee would have to be paid by the court. There is no statutory authority for such an expenditure. We agree that the defendant is entitled to have the cost of the blood test taxed as costs and if he prevails in the lawsuit he is entitled to recover his costs from the complainant. However, it would be a rare case where the serologist would be willing to wait for his fee until collected as costs by the court; no fair minded person would expect the serologist to assume this collection hazard. It would appear that an indigent defendant in a paternity proceeding is in the same situation as any other indigent party to a civil lawsuit, be he or she the plaintiff or the defendant in the case. Generally, the costs of counsel and the other necessary expenses of representation such as the costs of depositions, interrogatories, physical examinations and blood tests of indigent parties to civil lawsuits are paid by legal aid societies or other non profit organizations.

It was held long ago by the Ohio Supreme Court in *Devinney* v. *State,* Wright 364 (approved and followed in *Miller* v. *State* [1912], 85 Ohio St. 493), that the county prosecutor was not required to appear in a bastardy case or to prosecute such a case. Said the court in *Devinney*: "The State is in no way interested in the case or privy to it." This is still law and the assistant county prosecutor, representing the complainant in this case, is no indication that this is a criminal case; the prosecutor is not representing the state of Ohio. He has been retained and his services are paid for by the Cuyahoga County Welfare Department to represent the complainant because because she and her child are recipients of public assistance. When, under Rule 11, the complainant is required in pay for a blood test, the County Welfare Department will pay the costs of the blood test as a part of the costs of representing the complainant.

Counsel for defendant cites *Walker* v. *Stokes, supra* (45 Ohio App. 2d 275), in support of his contention that Rule 11, *supra,* is a denial of the equal protection clause

of the 14th Amendment to the United States Constitution. In *Walker*, the court held in substance that since bastardy proceedings are "quasi-criminal" in nature the state of Ohio cannot deny the right of a blood test to those defendants who are unable to pay the required fee in advance without violating the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. The court's decision was grounded on *Griffin* v. *Illinois* (1956), 351 U. S. 12, wherein the U. S. Supreme Court held that in a criminal case a state statute which required payment in advance for a transcript of the record constituted a denial of full appellate review to an indigent who was unable to pay for the record and that the inability to pay for the record in advance could not be used as an excuse to deny the defendant a fair trial. In *Griffin*, Mr. Justice Black stated, at page 17, that "our own constitutional guarantees of due process and equal protection both call for procedures in *criminal trials* which allow for no invidious discriminations between persons and different groups of persons." (Emphasis added).

The court in *Walker* (1975) held that paternity proceedings are "quasi-criminal" in nature and therefore, the court had no problem in applying the ruling from *Griffin* which was *strictly* a *criminal* case. "Quasi" according to Merrian-Webster simply means "having some resemblance, usually by certain attributes." Although the court in *Walker* did not say so, the "attribute" possessed by a paternity proceeding at the time of *Walker* (1975) which has a "resemblance" to a criminal case, is that, pursuant to R. C. 3111.17, after a finding of guilty, if the defendant "neglects or refuses" to give security for the sum the court finds necessary for the complainant's support and maintenance and necessary expenses caused by pregnancy and the childbirth "he shall be committed to * * * jail * * * until he complies with order of the court." R. C. 3111.18 provides the procedure for the defendant to effect his release from jail after he has served 90 days.

However, since *Walker* (1975) we have had an appellate review of the retrial of *Walker* v. *Stokes*. In *Walker* v.

*Stokes* (1977), Ct. of Appeals, Eighth District, No. 286,868, unreported, the court held that R. C. 3111.17 and 3111.18 were unconstitutional as a 'denial of the "equal protection clause," contained in the Fourteenth Amendment to the U. S. Constitution, since these sections provided for the imprisonment of an indigent defendant because of his inability to pay the award ordered by the court.

It follows that since under *Walker* (1977), an indigent defendant can no longer be jailed for failure to pay or secure payment of the court's award, a paternity proceeding is stripped of its criminal "attributes" and is therefore no longer a "quasi-criminal" case.

Hence, *Walker* (1975) was overruled by the effect of *Walker* (1977) and therefore this Court is no longer bound to follow the rule in *Walker* (1975), to the effect that in the case of an indigent defendant this court must pay the fee for blood tests from public funds and tax as costs the expense thereof.

The Ohio Supreme Court has held repeatedly that paternity proceedings are governed by the procedures provided for the trial of civil cases. We cite just a few of these cases: *State, ex rel. Wise,* v. *Chand* (1970), 21 Ohio St. 2d 113, 256 N. E. 2d 613, holding that the defendant may be examined as if under cross examination; *State, ex. rel, Gill,* v. *Volz* (1951), 156 Ohio St. 60, holding that as in civil cases the verdict needed only a concurrence of nine of the twelve jurors. The quasi criminal attributes of a paternity case gave the Ohio Supreme Court no problem in holding that these fundamental criminal trial rights must give way to civil procedures in paternity proceedings. In *Taylor* v. *Scott* (1959), 168 Ohio St. 391, the Ohio Supreme Court, in an unanimous decision, held that the prosecution of complaints under R. C. 3111.01 to 3111.24, relating to bastardy, are, unless specified otherwise therein, governed by the procedures provided for the trial of civil cases. Further it has been held that a bastardy action is essentially civil in nature and the failure of the defendant to testify may be the subject of comment to the jury. *Smith* v. *Lautenslager* (1968), 15 Ohio App. 2d 212, 240 N. E. 2d 109.

Even without *Walker* (1977) it is arguable that the language of R. C. 3111.17 concerning the jailing of the defendant if he "neglects or refuses" to pay the award or dered by the court does not permit the jailing of an *indigent* defendant. It appears to us that the language "neglects or refuses" would reasonably support the conclusion that only those defendants who *willfully* fail to pay or secure the award could be jailed for their failure to do so. Hence, before the defendant can be jailed because he "neglects or refuses" to pay or secure the award, he would have to be accorded the opportunity to prove that he was unable to do so. (Emphasis added.)

Although the manner in which a paternity proceeding is instituted is far behind us in reference to the question raised in this case, we think it necessary to lay to rest any suggestion of quasi criminality that might arise by reason of the provisions in paternity proceedings for issuing a warrant for the defendant upon the filing of the complaint (R. C. 3111.01) and the requirement that the defendant post an appearance bond (R. C. 3111.06 and 3111.08). Such proceedings are authorized by Civ. R. 64, which provides as follows:

"At the commencement of and during the course of an action, all remedies providing for *seizure of person* or property *for the purpose of securing satisfaction of the judgment ultimately to be entered* in the action are available under the circumstances and in the manner provided by law. The remedies thus available include *arrest*, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether the remedy is ancillary to an action or must be obtained by independent action." (Emphasis added.)

It is the regular practice in this court to summon the defendant to appear when the complaint is filed. If the defendant fails to appear when summoned a warrant is then issued. In rare instances, when there is good cause to believe that defendant will fail to appear when summoned or will abscond, a warrant is issued in lieu of summons.

Anyone familiar with paternity proceedings will recognize the necessity of employing Civ. R. 64 in a limited number of cases "for the purpose of securing satisfaction of the judgment ultimately to be rendered."

In consideration of the foregoing, it is clear that a paternity proceeding in Ohio, over the years, has been gradually stripped of every criminal aspect that it may have once possessed. It is now completely a civil case and having no attributes of a criminal case, cannot be considered a "quasi" criminal action. Therefore, requiring the defendant in a paternity proceeding to pay in advance for blood tests as a condition precedent to granting his motion for blood tests, as required by Rule 11 of the Cuyahoga County Common Pleas Court, Juvenile Court Division, is not a violation of due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

Defendant's motion for blood tests is denied unless payment therefor is made in advance in accordance with the provisions of Rule 11 of this court.

*Judgment accordingly.*