603 P.2d 316 (1980)
93 N.M. 577
P. V., Plaintiff-Appellee,
v.
L. W., Defendant-Appellant.
No. 4136.
Court of Appeals of New Mexico.
February 12, 1980.
*317 Richard J. Gallagher & Curtis, Farmington, for defendant-appellant.
David B. Pittard, Briones, Harrell & Wills, P.A., Farmington, for plaintiff-appellee.

OPINION
SUTIN, Judge.
A judgment was entered that defendant was the natural father of a male child born to plaintiff on February 18, 1978; that plaintiff recover from defendant the sum of $1,888.10 which represented defendant's obligations with respect to pregnancy and support to date of judgment, reasonable attorney fees in the sum of $2,100.00 and monthly payments for support of the child until he reaches the age of 18 years or sooner dies. Defendant appeals. We affirm.
Judgment was first entered on March 21, 1979. On March 26, 1979, defendant moved to vacate the judgment because the parties *318 had until March 26, 1979 to submit requested findings of fact and conclusions of law. On the same date defendant filed such requested findings and conclusions. Plaintiff filed her requested findings and conclusions on March 27, 1979. On March 29, 1979, the motion of defendant was sustained and the judgment of March 21, 1979 was vacated. On the same day, the court reentered its judgment before making any findings of fact and conclusions of law. Seven days later on April 5, 1979, the court filed its findings of fact and conclusions of law. This decision was mailed to attorneys of record on the same day. Notice of appeal was filed April 26, 1979.
It has been said that the findings "were filed too late and cannot be considered. The trial court had lost jurisdiction of the judgment for this purpose." Damon v. Carmean, 44 N.M. 458, 459, 104 P.2d 735 (1940); Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790 (1955). This sentence means, of course, that the trial court lost jurisdiction upon filing of the notice of appeal, Davis v. Westland Development Company, 81 N.M. 296, 466 P.2d 862 (1970), or it lost jurisdiction if no motion was filed to vacate the judgment within 30 days from the entry thereof. Section 39-1-1, N.M.S.A. 1978. Our rules contemplate that a written decision will be entered before entry of judgment, but defendant's failure to move for amendment of the judgment waives the error of the court. Rule 52B(a) of the Rules of Civil Procedure. Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967).
We point this out because defendant's lawyer did not challenge any of the findings of the trial court and defendant is bound by them.
Defendant raises three points on appeal, each of which will be discussed seriatim.

A. Defendant waived his right to jury trial.

Before trial, plaintiff specifically waived trial by jury. On the morning of trial, absent compliance with Rule 38 of the Rules of Civil Procedure, defendant orally objected to trial before the court. Defendant claimed he was entitled to a jury trial as of right. The objection was overruled. We agree.
This issue is a matter of first impression under the "Paternity" statute.
Section 40-5-9, N.M.S.A. 1978 reads in pertinent part:
Jurisdiction over proceedings to compel support and establish parentage of the child is vested in the district court of the county in which either parent permanently or temporarily resides, or is found....
Summons shall be issued and served as in other civil actions, and the cause shall be tried by jury, unless jury trial be waived by the parties. The procedure shall be the same as in other civil actions. [Emphasis added.]
The "unless" clause in § 40-5-9 "implies a condition, the non-happening of which prevents a right from arising." In Re Wiegand, 27 F. Supp. 725 (S.D.Cal. 1939) and cases cited. Unless the condition be met, there is no right to jury trial.
We read the above emphasized language to mean:
It is mandatory that a paternity suit be tried before a jury. This right does not arise, however, before the following condition is met: the parties must waive their right to a jury trial in accordance with Rule 38(d) of the Rules of Civil Procedure, a rule which applies to all other civil actions in which a jury trial is available to the parties.
Rule 38(d) reads:
The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d), or to make the jury fee deposit as required, constitutes a waiver by him of trial by jury. A demand for trial by jury made as above provided may not be withdrawn without the consent of the parties.
If one party waives a jury trial, as plaintiff did, it does not deny the other party such as defendant, or any other parties, the right to a jury trial, provided, however, that defendant, or other parties do not waive this right, or, as stated affirmatively, *319 defendant, or other parties demand a jury trial in accordance with Rule 38(a).
Defendant relies on Rule 38(a) of the Rules of Criminal Procedure. It reads:
Criminal cases required to be tried by jury shall be so tried unless the defendant, in writing, waives a jury trial with the approval of the court and the consent of the state.
This rule is not comparable. There is a distinct difference between a "paternity" action and a criminal case. The "paternity" action carries no criminal penalty until parentage has been judicially established and either spouse then fails to support a child or fails to comply with a judgment for support of a child. Sections 40-5-20 and 40-5-21. Even so, this prosecution is not barred by civil proceedings to compel support. Section 40-5-22.
A paternity proceeding is a civil action to compel a putative father to support his child. People ex rel. Yarn v. Yarn, 73 Ill.App.3d 454, 29 Ill.Dec. 909, 392 N.E.2d 606 (1979); Hepfel v. Bashaw, 279 N.W.2d 342 (Minn. 1979); Bigsby v. Bates, 59 Ohio Misc. 51, 391 N.E.2d 1384 (1978); Thompson v. Thompson, 285 Md. 488, 404 A.2d 269 (1979); Uniform Parentage Act, § 14 (1973).
Of course, when a paternity proceeding is an offense against the peace and dignity of a state, it is quasi-criminal in nature. State v. Horton, 373 So.2d 1093 (Ala. Civ. App. 1979); State v. Volz, 156 Ohio St. 60, 100 N.E.2d 203 (1951). Defendant relies on Volz. Volz held that a bastardy proceeding was essentially a civil action, not a criminal proceeding, so as to require the concurrence of only three-quarters of the members of the jury in a verdict of conviction. The penalty imposed was to enforce defendant's duty to provide for the child's maintenance rather than to punish him for misconduct. In other words, a quasi-criminal proceeding like this one is almost universally held to be a civil proceeding and governed by rules of procedure applicable to civil actions. 10 Am.Jur.2d Bastards, § 75 (1963); 10 C.J.S. Bastards § 32 (1938). See, Annot., Right to jury trial in bastardy proceedings, 94 A.L.R.2d 1128 (1964).
Defendant having failed to demand a jury trial, waived his right thereto.

B. Defendant lost his right to claim error on denial of directed verdict.

At the close of plaintiff's case, defendant moved for a directed verdict. The motion was denied. Defendant put on his evidence. At the close of the whole case, defendant did not renew his motion for a directed verdict. Under Rule 50(a) of the Rules of Civil Procedure, defendant waived error, if any, as a result of the trial court's refusal to grant his motion for a directed verdict at the close of plaintiff's case. Bondanza v. Matteucci, 59 N.M. 354, 284 P.2d 1024 (1955). Defendant cannot, on appeal, raise any question concerning the legal sufficiency of the evidence to sustain the judgment. Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806 (1962).
In passing, we point out that if the court believed plaintiff's testimony with reference to the time and place of sexual intercourse with defendant, her testimony standing alone, despite testimony and evidence to the contrary, is sufficient to support a finding of paternity. Morgan v. Rocha, 60 N.M. 499, 292 P.2d 992 (1956); Dorsey v. English, 283 Md. 522, 390 A.2d 1133 (1978). But, see, Isaacson v. Obendorf, 99 Idaho 304, 581 P.2d 350 (1978). It has often been said that the credibility of the witness rests exclusively with the trial court who listens to witnesses and observes their demeanor. Even though we might disagree, we cannot disturb the court's decision because we read from a cold record. We continue to repeat this rule so that the parties and the public will know what the duties are of an appellate court.

C. Defendant did not challenge the award of plaintiff's attorney fees.

Defendant claims the award of attorney fees should be reversed because plaintiff did not prove the attorney fees with competent evidence. At the close of the case, the court asked plaintiff's attorney the number of hours spent in the case. The response was more than 35 hours based on an hourly *320 rate of $60.00. Defendant did not object. The court orally awarded plaintiff an attorney fee of $2,100.00. In its decision, the court found that plaintiff was required to employ an attorney in bringing the action and that $2,100.00 was a reasonable fee. The defendant did not challenge these findings.
Section 40-5-15 provides that "In addition to the judgment for support, there may be a judgment for reasonable attorney fees." In a proceeding of this nature, it is rather difficult to separate the hours devoted to support and those devoted to paternity. Inasmuch as support depends upon the establishment of paternity, we hold that attorney fees awarded for support include work performed on paternity.
The findings of the court are not subject to review.
It appears that defendant had different attorneys who tried and appealed this case. These lawyers overlooked some of the "technical" judicial rules established by the Supreme Court. The deprivation of a jury trial may have affected the result in this case. In the trial of the case, a doctor's deposition was read by the court, but the deposition did not appear in the transcript of the proceedings, nor delivered to the Clerk of this Court. Alleged error in failing to direct a verdict was not preserved for review. Neither were the court's findings challenged in this case. The writer of this opinion does not believe that a client should suffer because of oversights of this nature. "Technical" judicial rules in trial and appellate procedure should not affect the merits of a trial and appeal, nor deprive a client of rights to which he is entitled. Such oversights should not be noted on appeal and the record should be corrected. However, we are bound by precedent and rules of the Supreme Court and we cannot find a way to grant defendant a new trial before a jury.
Affirmed.
IT IS SO ORDERED.
LOPEZ and ANDREWS, JJ., concurring in result.